UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)** (filed 07/12/10)

## I. INTRODUCTION & BACKGROUND

On May 6, 2010, plaintiff Chris Lanzillo filed suit against defendants City of Riverside ("City"); Russ Leach ("Leach"), chief of police of the Riverside Police Department ("Department"); John De La Rosa ("De La Rosa"), acting chief of police; Pete Esquivel ("Esquivel"), deputy chief of police; Ed Blevins ("Blevins"), a police lieutenant; and Does 1 through 10. On June 24, 2010, plaintiff filed his first amended complaint ("FAC") alleging claims for (1) violation of his Constitutional rights under color of state law pursuant to 42 U.S.C. § 1983 against all defendants; (2) retaliation pursuant to Cal. Gov't Code §§ 3502 & 3506 and Cal. Labor Code § 1102.5 against the City; and (3) violation of the Peace Officers Bill of Rights ("POBR"), Cal. Gov't Code §§ 3300 et seq. against the City.

Plaintiff alleges that he was employed by the Department from 1994 until June 2010. FAC ¶¶ 11, 46. Plaintiff's most recent position was as a detective in the vice division of the Special Investigations Bureau, which he has held since 2003. Id. ¶ 31. According to plaintiff, he performed his duties competently throughout his employment and only received one mark on his record, which was for an on-duty collision that occurred twelve years before his termination. Id. ¶¶ 11, 25.

Plaintiff alleges that he was also a member of the Board of Directors ("Board") of the Riverside Police Officers' Association ("Association) since in 1999 and served as president of the Board in 2008 and 2009. Id. ¶¶ 12, 14. Plaintiff alleges that in his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

capacity as member and president of the Board, he engaged in speech, labor, and political activities, such as participating in lawsuits against the City and bringing complaints about Department policy. Id. ¶¶ 12-24. Plaintiff alleges that shortly after his term as president ended on or about January 1, 2010, he was transferred to the Neighborhood Policing Center East. Id. ¶¶ 35-36, 40. According to plaintiff, this position is the least desirable one in the Investigations Bureau and resulted in a substantial loss of pay and benefits for plaintiff. Id. Plaintiff alleges that defendant Blevins told him about the transfer, but the FAC is not clear as to who made and authorized the decision. Id. ¶ 36. Plaintiff further alleges that he was denied his request to transfer to the Sexual Assault Child Abuse unit in favor of an employee who was promoted to detective on the same day as his appointment to the unit and thus had less experience than plaintiff. Id. ¶¶ 37-38, 41. Finally, plaintiff alleges that De La Rosa terminated him based on "sham" allegations of dishonesty relating to statements he made regarding a complaint, made against him by defendant Blevins. Id. ¶ 45. Plaintiff also alleges other conduct by De La Rosa, such as a comment that plaintiff was "a lone wolf." Id. ¶ 30. Plaintiff alleges that he appealed the decision in a hearing before De La Rosa. Id. ¶ 49. Plaintiff alleges that he requested that the City appoint someone else to hear the appeal because he believed De La Rosa could not be impartial, but that the City did not do so and the appeal was heard by De La Rosa. Id. ¶ 46-47. According to plaintiff, De La Rosa confirmed the dismissal less than an hour after the hearing. Id. ¶ 50. It is plaintiff's contention that defendants transferred and terminated him in retaliation for the activities he engaged in while on the Board. Id. ¶ 55.

On July 12, 2010, defendants filed a motion to dismiss plaintiff's FAC for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On July 26, 2010, plaintiff filed his opposition. On August 2, 2010, defendants filed their reply. Defendants' motion is presently before the Court.

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

Cir. 2000).

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Plaintiff alleges a 42 U.S.C. § 1983 claim based on retaliation for his exercise of his First Amendment right to freedom of speech. FAC ¶ 57. Plaintiff alleges that he engaged in speech, labor, and political activities while on the Board, which he contends were protected speech under the First Amendment. Id. ¶¶ 12-23; 57. Plaintiff further alleges that defendants retaliated against him for his exercise of his free speech rights, thus violating his First Amendment rights and engaging in conduct that is actionable under § 1983.[1] Id. ¶ 57.

In order to state a claim pursuant to § 1983, a plaintiff must allege (1) deprivation of a Constitutional right (2) under color of state law. Am. Mfg. Mut. Ins. Co. v. Sullivan, 540 U.S. 40, 49 (1999). When a § 1983 claim is based on a public employee's First Amendment retaliation claim, the Court must analyze a sequential five-step series of questions: (1) whether the plaintiff spoke on a matter of public concern, meaning that the speech can fairly be considered to relate to a matter of political, social, or other concern to the community; (2) whether the plaintiff spoke as a private citizen or public employee, where the plaintiff may only succeed by showing that the speech was made as a private citizen rather than as a public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech. Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009); Garcetti v. Ceballos, 547 U.S. 410, 420 (2006). The plaintiff bears the burden on the first three prongs and must establish all of them to prevail—in other words, the plaintiff must allege that the speech was on a matter of public concern, made as a private

---

[1] While defendants make numerous arguments in their moving papers, the arguments do not appear to be relevant to the issue before the Court. See Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

citizen, and was a motivating factor in the employment action.[2]  Eng, 552 F.3d at 1070.

The Court concludes that plaintiff's allegations are not sufficient to allege a § 1983 claim for First Amendment retaliation because the allegations are not clear as to whether plaintiff engaged in the speech at issue as a private citizen or as a public employee.  See FAC.  Plaintiff alleges that he engaged in the speech and other activities "in his capacity" as a representative of the Board and took the actions "on behalf of the Association membership," but the FAC is not clear as to whether these actions were required pursuant to his official duties.  FAC ¶¶ 12-13, 18-23.  Therefore, the Court concludes that plaintiff has failed to state his claim with sufficient precision.  See Garcetti, 547 U.S. at 420 ("We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); Eng, 552 F.3d at 1071 ("If the allegations demonstrate an official duty to utter the speech at issue, then the speech is unprotected.").  Accordingly, the Court hereby dismisses plaintiff's § 1983 claim in its entirety with leave to amend.

### B. Cal. Gov't Code §§ 3502 & 3506; Cal. Labor Code § 1102.5

In his second claim, plaintiff alleges violations of the Meyers-Milias-Brown Act ("MMBA"), Cal. Gov't Code §§ 3500 et seq., and Cal. Labor Code § 1102.5.  FAC at 14:21.  In order to file suit pursuant to these statutes, a plaintiff typically must first exhaust available administrative remedies by filing a claim with California's Public Employment Relations Board.  City of San Jose v. Operating Eng'rs Local Union No. 3,

---

[2] Plaintiff also references the Fourteenth Amendment in his § 1983 claim.  FAC ¶ 57.  However, a § 1983 predicated on violations of the Fourteenth Amendment requires a plaintiff to allege that the defendant acted in a discriminatory manner and that the discrimination was intentional.  See Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Fed'l Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir.
(footnote 2 continued)
1991).  Because plaintiff does not allege discrimination but rather violation of his right free expression, association, and assembly, the Court concludes that his § 1983 claim must be brought pursuant to the First Amendment and addresses the claim accordingly.  See FAC.

Case 2:10-cv-03409-CAS-DTB   Document 21   Filed 08/06/10   Page 6 of 9   Page ID #:309

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

49 Cal. 4th 597, 601 (2010); Campbell v. Regents of the Univ. of Cal., 35 Cal. 4th 311, 330 (holding that the exhaustion requirement applies to claims pursuant to Cal. Labor Code § 1102.5). Failure to exhaust administrative remedies may be excused when the administrative remedy is inadequate, as when it would be futile. San Jose, 49 Cal. 4th at 609.

Defendants argue that plaintiff's claim pursuant to these statutes is barred because he has failed to allege exhaustion of administrative remedies. Mot. at 10. In their moving papers, defendants focus on plaintiff's failure to exhaust the Department's internal procedures for addressing adverse employment actions in relation to the alleged transfer. Id. at 10-14. Defendants argue that a Memorandum of Understanding ("Memorandum") between the City and the Department sets forth grievance proceedings that employees must follow, and that plaintiff has failed to allege that he followed those procedures. Id. at 11.

Plaintiff likewise focuses on the Department's internal policies, but argues that his FAC alleges exhaustion of administrative remedies because it alleges that he was denied a fair appeal for his transfer and termination. Opp'n at 12-13; see FAC ¶¶ 37, 47-52. Plaintiff further argues that the grievance policy does not apply to his complaint because the policy applies only to claims for violations of the terms of the Memorandum, which is not the basis for his claim. Opp'n at 13 (citing § 16.2 of the Memorandum). Plaintiff further argues that the exhaustion doctrine should not apply to the instant case because it would be inadequate and futile, as demonstrated by the City's response to his concerns about the appeal before De La Rosa. Id. (citing Glendale City Employees' Ass'n, Inc. v. City of Glendale, 15 Cal. 3d 328, 342 (1975)).

Neither party addresses the requirement that employment disputes pursuant to the MMBA must be filed with the Public Employment Relations Board before either party may seek judicial relief. See FAC; Mot; Opp'n. However, the Court concludes that plaintiff must apply to the Public Employment Relations Board for relief before he may bring a suit in this Court. See San Jose, 49 Cal. 4th at 601 ("Subject to certain exceptions, local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to [Public Employment Relations Board] for relief before they can ask a court to intervene in a labor dispute."); Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Employment Relations Bd., 35 Cal. 4th 1072, 1080 (2005) ("In general, a party must exhaust administrative remedies before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

resorting to the courts."). Because plaintiff has not alleged that he sought such administrative relief or that doing so would be inadequate or futile, the Court finds that plaintiff's claims is barred due to his failure to exhaust administrative remedies. See Coachella, 35 Cal. 4th at 1080. Accordingly, the Court hereby GRANTS defendants' motion to dismiss plaintiff's second claim with leave to amend.

    **C.    Cal. Gov't Code §§ 3300 et seq.**

Plaintiff brings his third claim against the City pursuant to the POBR, Cal. Gov't Code § 3300 et seq. FAC at 16:1-4. Cal. Gov't Code § 3304(b) states, in relevant part, that "[n]o punitive action . . . shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period . . . without providing the public safety officer with an opportunity for administrative appeal." The administrative procedure requires (1) notice of the proposed action; (2) reasons for the action; (3) a copy of the charges on which the action is based; and (4) the opportunity for appeal before an impartial, noninvolved reviewer. Skelly v. State Personnel Bd., 15 Cal. 3d 194, 214 (1975); Williams v. County of Los Angeles, 22 Cal. 3d 731, 736-37 (1978). "Those principles are violated . . . if the official or officials who take part in the proceedings are demonstrably biased or if, in the least, circumstances such as personal or financial interest strongly suggest a lack of impartiality." Burrell v. City of Los Angeles, 209 Cal. App. 3d 568, 582 (1989); see also Hackethal v. Cal. Med. Ass'n, 138 Cal. App. 3d 435, 443 (1982) ("Disqualification may also be necessary if a situation exists under which human experience teaches that the probability of actual bias is too high to be constitutionally tolerable."). However, "mere involvement in ongoing disciplinary proceedings does not, per se, violate due process principles." Burrell, 209 Cal. App. 3d at 582.

Defendants argue that plaintiff has failed to allege that he was denied an appeal because he did not allege that he attempted to appeal the transfer and because he received an appeal after his termination. Mot. at 15.

Plaintiff responds that the City did not comply with the POBR because it denied him a review before an impartial observer. Opp'n at 17 (citing Williams, 22 Cal. 3d at 736-37). Plaintiff argues that De La Rosa was not impartial because he was "personally embroiled in the controversy." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

Defendants reply that plaintiff's claim that the appeal was not impartial is based only on plaintiff's subjective opinion and on the allegation that De La Rosa had been the officer who originally issued the notice of termination. Reply at 11. Defendant contends that neither of these allegations is sufficient to support a finding that the hearing was not before an impartial reviewer. Id. (citing Flippin v. Los Angeles City Bd. of Civil Serv. Comm'n, 148 Cal. App. 4th 272, 281 (2007) ("There is no authority that precludes an officer from performing such a dual function."); Imagistics Int'l, Inc. v. Dep't of Gen. Servs., 150 Cal. App. 4th 581, 591 (2007)).

The Court concludes that plaintiff has sufficiently alleged facts to state a claim pursuant to the POBR. As a preliminary matter, plaintiff has alleged that his termination was punitive because it was in retaliation for his conduct while on the Board. FAC ¶¶ 47, 68. Furthermore, plaintiff has alleged that De La Rosa was involved in the incidents leading to plaintiff's termination, had previously expressed animosity toward plaintiff, including his statement that plaintiff was a "lone wolf," and had authorized the termination himself. See FAC ¶¶ 30, 47. The Court concludes that these allegations, if true, could support a finding that De La Rosa was not an impartial reviewer and that plaintiff thus did not receive a fair appeal as required by the POBR. See Hackethal, 138 Cal. App. 3d at 443 (holding that bias may be shown when a reviewer "may have prejudged the case because of a prior participation as an accuser, investigator, fact finder or initial decisionmaker"); see also Applebaum v. Bd. of Dirs., 104 Cal. App. 3d 648, 657 ("Biased decision makers are constitutionally impermissible and even the probability of unfairness is to be avoided.").[3] Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim pursuant to the POBR.

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES

---

[3] The Court notes that defendants' reliance on Flippin is unavailing because in that case the plaintiff received three levels of review, two before an individual who was not involved in his termination. See Flippin, 148 Cal. App. 4th at 283 (holding that plaintiff had an impartial review when he received a hearing by the individual who initiated his discharge followed by an evidentiary hearing before a neutral examiner and a review of the examiner's decision).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3409-CAS(DTBx) | Date | August 6, 2010 |
|---|---|---|---|
| Title | CHRIS LANZILLO v. CITY OF RIVERSIDE; ET AL. | | |

in part defendants' motion to dismiss plaintiff's FAC. Plaintiff shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. Plaintiff is admonished that in the event that he does not amend his complaint within thirty (30) days, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |